IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 35502

| | | |
|---|---|---|
| **GERALD A. BARCELLA,** | ) | **2009 Opinion No. 72** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: November 13, 2009** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John P. Luster, District Judge.

Orders of the district court granting partial summary dismissal and denying application for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP, Dennis A. Benjamin and Deborah Whipple, Boise, for appellant. Dennis A. Benjamin argued.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent. Rebekah A. Cudé argued.

_____

GRATTON, Judge

Gerald A. Barcella appeals from the district court's denial of his application for post-conviction relief. We affirm.

## I.

## FACTS AND PROCEDURAL BACKGROUND

The facts giving rise to the charge against Barcella are set forth in this Court's opinion on Barcella's direct appeal from his conviction, *State v. Barcella*, 135 Idaho 191, 16 P.3d 288 (Ct. App. 2000), as follows:

> The state's evidence at trial set forth the following fact scenario: On the evening of April 2, 1995, Barcella told Kenneth Thrift-his drinking buddy for the evening, Virginia Smeltzer-the bartender at the Watering Hole bar in Coeur d'Alene, and Brad Bakie that he intended to kill Smith, the elderly manager of the Harmony House apartments where Barcella resided.
> Returning to Barcella's room at the Harmony House apartments after the Watering Hole closed, Barcella and Thrift noisily entered the building and went

1

into Barcella's one-room apartment, across the hall from Smith's room. There, they continued to drink accompanied by the noise of the radio and television. Smith, through the door, told Barcella to turn the volume down. Barcella begrudgingly complied. Some time later, while Thrift returned to his room next door to get some cigarettes and more beer, Barcella entered Smith's room and bludgeoned him in the head with a pulaski. When Thrift came back, about five minutes later, Barcella was at Smith's door, across the hall, wiping off the doorknob with his bandana.

Back in Barcella's room, Barcella told Thrift that he had killed Smith. The two continued drinking beer until about 4:30 a.m. and then left to get breakfast at Denny's Restaurant. From there, Barcella called his girlfriend Rikki Bobo. He told her to get over to Denny's and that he had killed Smith. Once she arrived, Barcella again told Bobo and Thrift that he killed Smith by striking him in the head three times with a pick ax.

After visiting with Barcella and Thrift at Denny's for nearly an hour, Bobo returned to Barcella's room at Harmony House. There, she noticed that Barcella's pulaski was not in his room. When Barcella arrived, Bobo, with Barcella's approval, wrote out a note addressed to Smith requesting a receipt for Barcella's rent payment. Barcella told her that the note was a good idea because it would make the police believe that Barcella thought Smith was still alive. Bobo slipped the note under Smith's door.

Later that afternoon, Peter Cooper, the owner of the Harmony House apartments, discovered Smith's body. Smith had several large head wounds and smaller wounds in his chest. A pulaski was found under a piece of carpet stuffed under Smith's bed. During the homicide investigation, officers discovered that Barcella, a convicted felon, possessed firearms in his room. While in jail on a charge of being a felon in possession of a firearm, Barcella was charged with first degree murder for the killing of Smith, I.C. §§ 18-4001-18-4003.

*Barcella*, 135 Idaho at 194-195, 16 P.3d at 291-292 (footnote omitted). The jury returned a verdict of guilty of first degree murder, and Barcella received a unified life sentence, with thirty years determinate. Barcella's conviction and sentence were affirmed by this Court.

Barcella, acting pro se, filed an application alleging numerous grounds for post-conviction relief. The State answered and moved for summary dismissal. Thereafter, Barcella, with the aid of appointed counsel, filed an amended application alleging four grounds for post-conviction relief, and the State again filed an answer and an amended motion for summary dismissal. A hearing was held on the State's amended motion, and the district court granted the motion as to Barcella's claims of an unconstitutional judgment and sentence and prosecutorial misconduct, but ordered an evidentiary hearing on Barcella's claims regarding ineffective assistance of trial and appellate counsel. The parties submitted briefing to the court after the

2

two-day evidentiary hearing, and the district court subsequently issued its decision denying Barcella's application for post-conviction relief. Barcella appeals.

## II.

## ANALYSIS

An application for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovak*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008); *see also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like the plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). "An application for post-conviction relief differs from a complaint in an ordinary civil action[.]" *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004) (quoting *Goodwin*, 138 Idaho at 271, 61 P.3d at 628)). The application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The application must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code § 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application is the procedural equivalent of summary judgment under I.R.C.P. 56. "A claim for post-conviction relief will be subject to summary dismissal . . . if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof." *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009) (quoting *Berg v. State*, 131 Idaho 517, 518, 960 P2d 738, 739 (1998)). Thus, summary dismissal is permissible when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must

be conducted. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the State does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

On review of dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of material fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Rhoades v. State*, ___Idaho___, ___P.3d___ (Oct. 26, 2009); *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). However, "while the underlying facts must be regarded as true, the petitioner's conclusions need not be so accepted." *Rhoades*, ___Idaho at ___, ___P.3d at ___ (quoting *Phillips v. State*, 108 Idaho 405, 407, 700 P.2d 27, 29 (1985)); *see also Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). As the trial court rather than a jury will be the trier of fact in the event of an evidentiary hearing, summary dismissal is appropriate where the evidentiary facts are not disputed, despite the possibility of conflicting inferences to be drawn from the facts, for the court alone will be responsible for resolving the conflict between those inferences. That is, the judge in a post-conviction action is not constrained to draw inferences in favor of the party opposing the motion for summary disposition but rather is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Hayes*, 146 Idaho at 355, 195 P.3d at 714.

## A.     Notice

In Barcella's opening brief to this Court, he contends that the State's answer, amended answer, motion for summary dismissal, and amended motion for summary dismissal were all "vague," such that they did not provide Barcella with sufficient notice of the grounds for dismissal. In light of the Idaho Supreme Court's decision in *DeRushé v. State*, 146 Idaho 599, 200 P.3d 1148 (2009), Barcella filed a supplemental brief in which he modified his argument from a *sufficiency* of the notice argument to a *no* notice argument. In the supplemental briefing, Barcella acknowledges that *DeRushé* precludes an applicant from raising a claim of inadequate notice, i.e., failure to state the grounds for dismissal with sufficient particularity, for the first time on appeal. *DeRushé*, 146 Idaho at 602, 200 P.3d at 1151. Barcella argues, however, that the

4

holding in *DeRushé* is not applicable here because the State provided no notice of the grounds for dismissal. The State counters that "[d]espite [Barcella's] attempts . . . to recast his claim as one of *no* notice, his claim on appeal is that the state's notice was insufficient." Thus, a threshold question for this Court is whether appropriate notice was given.

In Barcella's pro se application for post-conviction relief, Barcella listed 29 various "grounds for his application for Post Conviction Relief." The State filed an answer to Barcella's application and also filed a motion for summary dismissal. The district court directed that an amended application be filed. At a subsequent status conference, Barcella's counsel represented that he had "reduced [Barcella's] claims to four broad claims of action." Thereafter, Barcella filed his amended application setting forth the following claims for relief:

a.      That the judgment and sentence is in violation of the Constitution of the United States and the State of Idaho.
b.      Prosecutorial misconduct which resulted in a violation of due process.
c.      That the conviction is subject to collateral attack on the grounds of ineffective assistance of trial counsel.
d.      That the affirmation of the conviction by the Supreme Court [presumably referring to the Court of Appeals decision] is subject to collateral attack on the grounds of ineffective assistance of appellate counsel.

Following the above delineation of Barcella's claims, the amended application stated:

That the specific allegations in support of each of the above contentions, along with the statutorily required attachments referring to transcripts and evidence are contained in the Petitioner's previously filed 290 page *pro se* Petition and will not be reiterated herein, but should be considered as included by way of reference thereto. Further supporting material in the way of affidavits, transcripts, etc. will be filed in supplement to this Petition as they are gathered.

Barcella proceeded with the four claims presented in the amended application, which claims were alleged to be *supported* by the "specific allegations" set forth in the original application for post-conviction relief. Thus, the question of notice is limited to the four claims set out in the amended application.

The State's amended motion for summary dismissal specifically addressed each of the four claims alleged in Barcella's amended application and listed the grounds for which the State was seeking summary dismissal. Regarding the first two claims, unconstitutional judgment and prosecutorial misconduct, the State argued that those claims could have been, but were not, raised on direct appeal and, therefore, were barred by I.C. § 19-4901(b). Regarding the claims of

5

ineffective assistance of trial and appellate counsel, the State argued that "[Barcella] has provided no affidavit, record, or other evidence supporting his conclusory allegations that trial and appellate counsel were ineffective; I.C. § 19-4903 requires such evidence to support a petitioner's allegation." Therefore, Barcella's argument that *no* notice was given is clearly belied by the record. Any argument regarding the sufficiency of the notice is precluded by *DeRushé*, as that claim may not be raised for the first time on appeal. *See DeRushé*, 146 Idaho at 602, 200 P.3d at 1151. Accordingly, we will not address Barcella's notice argument further.

**B.** **Unconstitutional Judgment and Prosecutorial Misconduct**

Barcella contends that his claims of unconstitutional judgment and sentence and prosecutorial misconduct should not have been summarily dismissed. Barcella argues that certain allegations set out in the original application for post-conviction relief which support his claims could not have been raised on direct appeal because they were based on facts outside the appellate record. However, this argument was never presented to the district court.

**1.** **Unconstitutional Judgment and Sentence**

Barcella's counsel did not make any argument at the summary dismissal hearing as to how Barcella's judgment and sentence were unconstitutional, other than by stating that the judgment was subject to collateral attack under ineffective assistance of counsel and prosecutorial misconduct theories. The district court dismissed the claim, stating:

> . . . Mr. Barcella attacks the judgment and sentence as being in violation of the Constitution. I think, clearly, the statute prohibits advancing for purposes of post-conviction relief an issue that clearly could be subject to direct appeal, which I think that issue is.
> Now, I concede there's certainly this argument that may accomplish the same goal in terms if you are successful on a legitimate basis of post-conviction relief that I think the form of relief may be to receive relief from the judgment and sentence. But to attack directly the judgment and sentence as being a violation of the Constitution is a separate cause of action or ground for post-conviction relief. I would agree that would be barred under 19-4901(b) as an issue that was raised and ruled upon direct appeal or one that could have been so raised. So I think the state should receive summary disposition with respect to that first time.

In response to the motion for summary dismissal, Barcella did not articulate any reason or point to any allegation or evidence as to why the claim should survive the bar of I.C. § 19-4901(b). Nor did he present to the court on the motion any allegations or evidence supporting an independent claim of an unconstitutional judgment and sentence. Instead, Barcella folded this

claim into the ineffective assistance of counsel claim. "[T]he trial court is not required to search the record looking for evidence that may create a genuine issue of material fact; the party opposing the summary judgment is required to bring that evidence to the court's attention." *Esser Electric v. Lost River Ballistics Technologies, Inc.*, 145 Idaho 912, 919, 188 P.3d 854, 861 (2008). In regard to a motion for summary dismissal, "if the applicant facing such a motion fails to present evidence making a prima facie case, i.e., establishing each essential element of the claim, then summary dismissal is appropriate." *Roman*, 125 Idaho at 647, 873 P.2d at 901. Based upon Barcella's presentation to the district court, the district court did not err in summarily dismissing the claim of an unconstitutional judgment and sentence.

### 2. Prosecutorial Misconduct

In response to the State's contention that Barcella's claim of prosecutorial misconduct was subject to dismissal because it could have been raised on direct appeal, Barcella's counsel argued ineffective assistance of trial counsel for failure to assert prosecutorial misconduct in the notice of appeal and also ineffective assistance of appellate counsel for failure to raise prosecutorial misconduct on appeal. The district court stated:

> Really, the claim for prosecutorial misconduct really is subsumed into the argument for ineffective assistance of counsel, *as [Barcella's counsel] has pointed out*. So as it would constitute a direct claim or direct connection under post-conviction relief, I think the state should, likewise, be entitled to summary disposition.

(Emphasis added.) Barcella did not articulate any reason or point to any allegation or evidence as to why the claim should survive the bar of I.C. § 19-4901(b). Nor did he present to the court on the motion any allegations or evidence supporting an independent claim of prosecutorial misconduct. Instead, Barcella, as with the prior claim, folded this claim into the ineffective assistance of counsel claim. Based upon Barcella's presentation to the district court, the district court did not err in summarily dismissing the claim of prosecutorial misconduct.

## C. Right to Testify

The district court denied the State's summary dismissal motion with respect to Barcella's claims of ineffective assistance of trial and appellate counsel. An evidentiary hearing was conducted on those claims. At the hearing Barcella testified that his trial counsel did not allow him to testify at trial. Barcella then testified regarding what he would have said had he testified at trial. The district court found that "Petitioner would not have helped his case or persuaded the

jury to more leniency if he had taken the stand and described the events as he did at the Evidentiary Hearing." Thus, the district court held that Barcella had not met his burden of showing prejudice on his claim of ineffective assistance of counsel for counsel's failure to allow Barcella to testify. Barcella contends that this was error.

When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State*, 118 Idaho 65, 794 P.2d 654 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct. App. 1992).

Barcella argues in his initial brief that trial counsel provided ineffective assistance by prohibiting Barcella from testifying. Barcella filed a supplemental brief, in which he now argues that pursuant to *DeRushé*, his claim should be analyzed as a direct constitutional violation of his right to testify as opposed to a claim of ineffective assistance of counsel. Thus, it is necessary to determine what effect, if any, *DeRushé* has on Barcella's claim.

In *DeRushé*, the Supreme Court noted that, among other alleged errors by his trial counsel, DeRushé alleged that his trial counsel deprived him of the right to testify. *DeRushé*, 146 Idaho at 600, 200 P.3d at 1149. The Court determined that DeRushé had stated in his application and supporting affidavits that his attorney had denied his request to testify in his own behalf. *DeRushé*, 146 Idaho at 603, 200 P.3d at 1152. The Court stated:

> In rejecting this claim, the district court stated that DeRushé's counsel had the right to determine whether DeRushé testified and that there was no showing that his counsel was ineffective in deciding not to have DeRushé testify.
> . . . .
> The district court erred in analyzing DeRushé's claim as alleging ineffective assistance of counsel rather than as alleging denial of his constitutional right to testify in his own behalf.

*DeRushé*, 146 Idaho at 603, 200 P.3d at 1152. Barcella contends that the above-quoted portion of *DeRushé* requires the post-conviction court to analyze Barcella's claim as a direct violation of his constitutional right to testify rather than as a claim of ineffective assistance of counsel. *DeRushé*, however, does not stand for the proposition that a claim of ineffective assistance of

8

counsel regarding the right to testify must also be analyzed as a direct constitutional violation. It certainly does not stand for the broad proposition that any time a claim of ineffective assistance of counsel is pled the district court must also address any potential underlying constitutional violation independently. Rather, the Supreme Court took issue with the district court analyzing the claim "*as alleging* ineffective assistance of counsel rather than *as alleging* denial of his constitutional right to testify in his own behalf." *DeRushé*, 146 Idaho at 603, 200 P.3d at 1152 (emphasis added). This language clarifies the Supreme Court's concern that the district court had not analyzed the claim that was alleged in that case. In addition, the Supreme Court was disturbed by the district court's erroneous conclusion that counsel had the right to determine whether DeRushé testified. This concern prompted the Supreme Court to give the district court specific guidance on remand. Thus, we conclude that the holding is limited to the specific facts of that case and how the Supreme Court perceived the pleadings and arguments that were presented to the district court.

*DeRushé* is also procedurally distinguishable from this case. In *DeRushé*, the Supreme Court was analyzing the district court's decision at the summary dismissal phase. *DeRushé*, 146 Idaho at 603, 200 P.3d at 1152. In *DeRushé*, the State conceded that DeRushé had alleged admissible facts to support his claim such that summary dismissal was inappropriate. *Id.* at 604, 200 P.3d at 1153. Thus, the Supreme Court merely provided the relief that was requested by both parties. Here, however, the district court had already determined that Barcella had alleged sufficient facts on his claims of ineffective assistance of counsel to survive summary dismissal and conducted an evidentiary hearing. Therefore, Barcella had his opportunity to present his arguments at the evidentiary hearing, such that the court could weigh the evidence and evaluate the arguments presented.

In this case, Barcella pled and argued a claim of ineffective assistance of counsel, and the district court ruled on that claim. No argument was ever presented to the district court regarding a direct constitutional violation of Barcella's right to testify. The district court was not required to frame the issues for the parties, nor was it required to develop the arguments to be presented. Barcella's argument that the district court was required, under *DeRushé*, to analyze the claim as a direct constitutional violation is incorrect. *DeRushé's* holding was an instruction to the district court in that case, and it does not mandate that a claim of ineffective assistance of trial counsel for failure to allow the defendant to testify be analyzed as a direct constitutional violation.

We turn, then, to the ineffective assistance of counsel claim. A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177. This Court has long-adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

The district court analyzed Barcella's ineffective assistance of counsel claim in two ways. First, the district court addressed the advice that trial counsel gave Barcella regarding his right to testify. The court noted that although Barcella's trial counsel could not remember the specifics of Barcella's case, he did testify that "[he] has advised clients in the past not to testify for varying reasons even though they wanted to do so." Barcella's trial counsel indicated that based upon his review of the Court of Appeals opinion, it appeared that he had anticipated that Barcella would testify, but for some reason Barcella did not testify. Barcella's trial counsel testified that it is the client's decision whether or not to testify and that he leaves it up to the client. The district court stated, "To the extent that [trial counsel] counseled Petitioner not to testify, such advice clearly fell within the wide range of reasonable assistance based on objective standards of competence and was sound trial strategy." Therefore, the district court determined that counsel was not deficient in advising Barcella not to testify.

Second, the district court distinguished between advising a client not to testify and preventing a client from testifying. When asked whether he had refused to allow Barcella to testify, trial counsel stated, "I may have, I just don't recall." The district court noted that conflicting testimony was presented at the evidentiary hearing, but that it would assume, for

purposes of its discussion on the issue, that trial counsel did not allow Barcella to testify. The court also noted that the decision to testify is ultimately to be made by the accused. The district court determined that "[i]f Petitioner was not allowed to testify, trial counsel's performance fell below an objective standard of reasonableness and was deficient." Therefore, the district court found that the first prong of *Strickland* had been met. Nevertheless, the court determined that "based on the great amount of evidence in the trial record, the jury would have reached the same conclusion even if Petitioner had testified." Thus, the court concluded that "[e]ven if trial counsel's performance was deficient, Petitioner was not prejudiced because the outcome of the trial would not have been different if Petitioner had been allowed to exercise his constitutional right to testify."[1]

The district court summed up Barcella's testimony regarding what he would have testified to as follows:

> . . . At the Evidentiary Hearing, Petitioner testified that he grabbed the Pulaski before going out to talk to some kids on the street and the next thing he remembered was waking up over Bill Smith's body with the Pulaski on the floor between them; Petitioner went in his room and drank another beer or two while trying to figure out what to do.

The district court noted that Barcella also testified regarding the amount of alcohol he consumed, but stated that independent testimony verified that fact at trial. The district court further noted that the jury was instructed for lesser included offenses, but rejected possible lesser verdicts. The district court concluded that, based upon all of the testimony at trial, Barcella's version of what happened would not have changed the outcome. Based upon the record, Barcella has failed to demonstrate deficient performance regarding trial counsel's advice not to testify and has also failed to demonstrate prejudice from any prevention by trial counsel of Barcella testifying at trial.

## III.

## CONCLUSION

The State's motion provided notice to Barcella of the grounds for summary dismissal. The district court did not err in granting the State's motion for summary dismissal on Barcella's claims of unconstitutional judgment and sentence and prosecutorial misconduct. Barcella failed

---

[1]     While the district court incorrectly articulated the *Strickland* prejudice prong, its application of the standard was correct.

11

to show that any prejudice resulted from any ineffective assistance of counsel. The district court's orders summarily dismissing Barcella's unconstitutional judgment and prosecutorial misconduct claims and denying his ineffective assistance of counsel claims are affirmed.

Judge GUTIERREZ and Judge Pro Tem PERRY, **CONCUR.**