# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43231

| | | |
|---|---|---|
| **DOUGLAS STEINEMER,** | ) | **2016 Unpublished Opinion No. 733** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: October 18, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy L. Hansen, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Deborah A. Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Douglas Steinemer appeals from the district court's order summarily dismissing his petition for post-conviction relief on the grounds there was no genuine issue of material fact. Because the district court correctly found Steinemer's trial counsel was not deficient in his performance, the court was correct in dismissing the petition.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a plea agreement, Steinemer pleaded guilty to two felonies: one count of first degree kidnapping and one count of rape. Prior to sentencing, Steinemer filed a motion to withdraw his guilty plea, claiming that prior to pleading guilty he had not seen or heard the recording of the victim's interview with police. Steinemer believed that something the victim said would support a defense to the charges and as a result, he wished to withdraw his guilty plea

1

and proceed to trial. The district court denied the motion and the denial was affirmed on appeal. *See State v. Steinemer*, Docket No. 39869 (Ct. App. Apr. 30, 2013) (unpublished).

Thereafter, Steinemer timely filed a petition for post-conviction relief. In his petition, Steinemer raised various claims of ineffective assistance of counsel. Steinemer requested relief in the form of withdrawal of his guilty plea and the opportunity to proceed to trial.

In the affidavit attached to Steinemer's petition, he explained that his trial attorney failed to investigate because Steinemer believed there was a missing video that his attorney never reviewed. Had trial counsel investigated, trial counsel would have noticed the missing evidence and would have advised Steinemer not to accept the plea offer. According to Steinemer, the conflict of interest arose when trial counsel "acted poorly" in his ethical obligations because he did not consult with Steinemer and did not bargain with the State to amend the terms of the plea offer to include a condition that would allow Steinemer to review the evidence before accepting or rejecting the offer.

Steinemer also testified via the affidavit that trial counsel conveyed a plea offer to him. At the time, Steinemer testified he had not yet seen all of the evidence so he asked trial counsel for advice. Trial counsel told Steinemer there was no testimony in the discovery that would help establish a not guilty verdict if Steinemer went to trial. Based on that advice, Steinemer accepted the plea offer.

However, at the change of plea hearing, Steinemer was required to fill out a guilty plea questionnaire. One of the questions on the questionnaire asked if Steinemer had reviewed all the evidence in the case. Steinemer checked the "no" box, indicating he had not reviewed the evidence. When Steinemer handed the form to his attorney to review, Steinemer alleged his attorney told him the court would not accept a guilty plea if Steinemer had not reviewed the evidence. Steinemer then asked about the recorded interview with the victim. Trial counsel again advised Steinemer there was nothing in that video that would assist in a defense. Steinemer again said he wanted to see the evidence and trial counsel said he would send out the investigator with the evidence. Steinemer then changed his answer on the form to "yes." The court accepted Steinemer's plea. Steinemer argues his attorney told him to lie on the questionnaire so he could take advantage of the plea agreement.

The trial court appointed post-conviction counsel. Counsel elected not to amend the petition. The State filed a motion for summary dismissal and Steinemer responded. Following

argument, the district court granted the State's motion. The district court addressed each claim and found that for each claim Steinemer failed to establish a genuine issue of material fact. As a result, the district court summarily dismissed the petition. As to Steinemer's claim of ineffective assistance of counsel during the change of plea hearing, the district court addressed two components: whether trial counsel rendered deficient performance by failing to provide Steinemer with an opportunity to review the video prior to entering his plea and whether trial counsel instructed Steinemer to fill out the form untruthfully.

The district court found res judicata applied to the first claim, as that was addressed by the appellate court in the direct appeal. The appellate court found, "even if Steinemer did not view or listen to the recordings of the interview, the same information was available to him through the police reports and the grand jury transcripts." *Steinemer*, Docket No. 39869. The district court, also citing to the appellate decision, noted trial counsel's testimony in the underlying criminal case where trial counsel indicated he had "discussed a possible defense of duress or coercion approximately ten to twenty times based on information contained in the police reports and grand jury transcripts." *Id.*

In finding trial counsel did not instruct Steinemer to lie on the guilty plea questionnaire, the district court referenced its order denying the motion to withdraw the guilty plea in the underlying criminal case. There, the district court noted trial counsel did not force Steinemer to change his answer to the question in the guilty plea advisory form. Moreover the district court found while trial counsel did say the court would not accept the plea if Steinemer answered no, it was Steinemer's decision to change the answer and therefore, there was no deficient performance by trial counsel. As such, the district court dismissed the claim and the petition. Steinemer timely appeals.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition

for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness.

4

*Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

On appeal, Steinemer asserts the district court erred in summarily dismissing his petition based on its conclusion that trial counsel was not deficient in advising Steinemer to "lie" to the court in order to have his guilty plea accepted. He further asserts "an attorney who counsels dishonesty before the court is not functioning as the counsel guaranteed by the Sixth Amendment or by Article I, § 13 of the Idaho Constitution."

In support of his claim, Steinemer makes several assertions that are not supported by the record. For example, Steinemer repeatedly asserts trial counsel either encouraged or advised Steinemer to lie to the court. When referring to the "yes" box on the guilty plea questionnaire, what trial counsel said was, "I would have said that if you want to plead guilty and you want the Court to accept your plea, you have to check this." Steinemer does not allege the statement was false, but instead invites us to read trial counsel's statement as "tantamount" to either instructing, advising, or encouraging Steinemer to lie to the court; we decline to do so.

By Steinemer's own account, after trial counsel made the statement, Steinemer and trial counsel again discussed the content of the video (which was available to Steinemer through the police reports). Trial counsel advised Steinemer nothing in the video would assist Steinemer in asserting a defense. At that point, Steinemer testified he chose to change his answer because he was relying on the advice of counsel that nothing in the video would help establish a defense. Steinemer then chose to change his answer on the guilty plea questionnaire. Steinemer may have had any one of several reasons to change his answer, not because trial counsel instructed him to, but because it was in his own interest to do so.

The record does not support Steinemer's argument that trial counsel instructed, advised, or encouraged him to make false statements on the guilty plea questionnaire. In fact, the

statement made by trial counsel was a true statement. Providing accurate advice is not deficient performance. Given trial counsel's accurate statement and the lack of evidence supporting a claim that trial counsel instructed, advised, or encouraged Steinemer to lie on the guilty plea questionnaire, the district court correctly concluded there was no genuine issue of material fact and properly granted the motion for summary judgment. Because Steinemer has not provided argument or authority regarding the dismissal of the other claims, Steinemer waives any claim that the district court erred in dismissing his other claims. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

### III.

### CONCLUSION

Because Steinemer failed to establish a genuine issue of material fact regarding his claim of ineffective assistance of counsel, the district court properly granted summary dismissal of his petition for post-conviction relief. Therefore, the district court's order summarily dismissing Steinemer's petition for post-conviction relief is affirmed.

Chief Judge MELANSON, **CONCUR IN RESULT**.

Judge GUTIERREZ **CONCUR**.