IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 44115

| KERRY STEPHEN THOMAS, | ) | 2017 Opinion No. 6 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: January 27, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Judgment summarily dismissing amended petition for post-conviction relief, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Kerry Stephen Thomas appeals from the district court's judgment summarily dismissing Thomas's amended petition for post-conviction relief. Specifically, Thomas maintains the district court erred in dismissing Thomas's petition because his trial counsel rendered ineffective assistance by failing to investigate an affirmative defense prior to advising Thomas to plead guilty. For the reasons explained below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Thomas pled guilty to two counts of transfer of body fluid which may contain the HIV virus, Idaho Code § 39-608. He filed a timely amended petition for post-conviction relief, alleging ineffective assistance of trial counsel. Specifically, and among other claims, Thomas

1

alleged his trial counsel was ineffective in failing to investigate the affirmative defense of medical advice. The district court summarily dismissed Thomas's amended petition, reasoning that if trial counsel filed a motion regarding the medical advice defense, it would have been denied, and therefore there were no genuine issues of material fact and neither *Strickland*[1] prong was violated. Thomas appeals from the district court's judgment summarily dismissing Thomas's amended petition.

## II.

## ANALYSIS

Thomas contends the district court erred in summarily dismissing his claim of ineffective assistance of counsel for failing to investigate the affirmative defense of medical advice. A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering

---

[1] *Strickland v. Washington*, 466 U.S. 668 (1984).

2

summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free

review.  *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act.  *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009).  To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007).  To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness.  *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007).  To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different.  *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231.  This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation.  *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

Here, Thomas argues his trial counsel was deficient in failing to investigate the medical advice defense, failing to contact Thomas's doctor prior to Thomas pleading guilty, and misleading Thomas about the viability of the medical advice defense.  Thomas further maintains he was prejudiced because, had he known his counsel never investigated the medical advice defense or consulted with Thomas's doctor, Thomas would not have pled guilty.

Even assuming Thomas's trial counsel rendered deficient performance, the record clearly disproves Thomas's argument that he was prejudiced.  In his 2014 affidavit, Thomas's doctor noted that Thomas's HIV viral load was undetectable and patients with undetectable viral loads are "extremely unlikely" to transmit their HIV infections.  Thomas's doctor filed another affidavit in 2015, indicating he advised Thomas that "he had an extremely low risk (less than 1%) of infecting a partner with HIV through normal sexual activity."

Idaho Code Section 39-608(3)(b), however, provides:  "It is an affirmative defense that the transfer of body fluid, body tissue, or organs occurred after advice from a licensed physician that the accused was *noninfectious*." (Emphasis added.)  Neither of the doctor's affidavits

4

indicates that Thomas is noninfectious. Thus, there is no reasonable probability that, but for counsel's alleged deficiency, the result of the proceedings would have been different. Moreover, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the prejudice inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Because the doctor advised Thomas that he had a low risk of infecting (which is different from being noninfectious), the medical advice affirmative defense would not have succeeded at trial. Thomas is therefore unable to demonstrate prejudice required for the second *Strickland* prong. Accordingly, Thomas failed to set forth a prima facie case of ineffective assistance of counsel. The district court did not err in summarily dismissing Thomas's amended petition for post-conviction relief.

## III.
## CONCLUSION

The district court did not err in summarily dismissing Thomas's amended petition for post-conviction relief because Thomas failed to establish a prima facie case of ineffective assistance of counsel. Thus, the judgment of the district court is affirmed.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.