**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50106**

| | |
|---|---|
| TIMOTHY ISAIAH JONES, | ) |
| | ) **Filed: July 30, 2024** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Peter G. Barton, District Judge.

Judgment summarily dismissing amended petition for post-conviction relief, affirmed.

Ferguson Durham, PLLC; Craig H. Durham, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Timothy Isaiah Jones appeals from the district court's order summarily dismissing his amended petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL HISTORY**

Law enforcement stopped Jones after observing a suspected drug deal. Officers pat searched Jones, and a drug dog alerted on his vehicle. Officers learned Jones was on probation, and his probation officer ordered a search pursuant to a Fourth Amendment waiver. Officers found narcotics and paraphernalia in Jones' vehicle and additional drugs on Jones' person. Jones was charged with trafficking in heroin and possession of drug paraphernalia.

Jones filed a motion to suppress, arguing the stop was unconstitutionally extended and transformed into a de facto arrest. After an evidentiary hearing, the district court denied the motion to suppress and subsequently a jury found Jones guilty. Jones filed a direct appeal in which he

1

raised two claims related to the admission of evidence and challenged his sentence. The Idaho Supreme Court found some evidence was improperly admitted. However, the errors were harmless, and the Court affirmed Jones' conviction and sentence. *State v. Jones*, 167 Idaho 353, 470 P.3d 1162 (2020).[1]

Jones filed a pro se petition for post-conviction relief asserting that appellate counsel provided ineffective assistance for failing to raise the suppression issue. Subsequently, Jones was appointed counsel who filed an amended petition again alleging ineffective assistance of appellate counsel for failing to raise the suppression issue. The State moved to summarily dismiss Jones' petition, which the district court granted. Jones appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Jones asserts the district court erred by summarily dismissing his petition for post-conviction relief. Jones argues his appellate counsel provided ineffective assistance because the omitted suppression claim was a stronger argument than those actually raised, which prevented his success on appeal. The State argues Jones failed to preserve the issues and arguments he raises on appeal. Further, the State argues Jones failed to present a prima facie case of ineffective assistance of appellate counsel.

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from

---

[1] In *State v. Jones*, 167 Idaho 353, 470 P.3d 1162 (2020), a majority of the Idaho Supreme Court concurred in the result but noted Jones' status as a probationer was not relevant for another non-propensity purpose because it was not probative to the elements of the crimes charged. *Jones*, 167 Idaho at 366-67, 470 P.3d at 1175-76 (Stegner, J., concurring in the result, joined by Brody, J., and Moeller, J.).

the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). A genuine issue of material fact exists when the appellant has alleged facts in his petition that if true, would entitle him to relief. *Stanfield v. State*, 165 Idaho 889, 894, 454 P.3d 531, 536 (2019). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the applicant's evidence because the court is not required to accept either mere conclusory allegations, unsupported by admissible evidence, or conclusions of law. *State v. Yakovac*, 145 Idaho 437, 444, 180 P.3d 476, 483 (2008); *see also Roman*, 125 Idaho at 647, 873 P.2d at 901.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient, and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578,

3

580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231(Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. A reasonable probability of a different outcome is a probability sufficient to undermine confidence in the outcome. *State v. Dunlap*, 155 Idaho 345, 383, 313 P.3d 1, 39 (2013). This "requires a substantial, not just conceivable, likelihood of a different result." *Id.* (internal quotations removed).

It is well established that appellate counsel has no constitutional obligation to raise every non-frivolous issue requested by the defendant. *Jones v. Barnes*, 463 U.S. 745, 751-53 (1983). Appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal. *Smith v. Robbins*, 528 U.S. 259, 288 (2000). Appellate counsel need only raise those claims that present the greatest likelihood of success on appeal, and we defer to those tactical or strategic decisions. *Id*. Thus, "[t]o demonstrate deficient performance of appellate counsel for failure to raise a claim on appeal, the defendant must show that counsel made an objectively unreasonable decision to omit the claim." *Dunlap v. State*, 159 Idaho 280, 296, 360 P.3d 289, 305 (2015). In regard to prejudice, the inquiry is whether there is a reasonable probability that, but for the omission of the claim, the defendant would have prevailed on appeal. *Id*. at 297; *Robbins*, 528 U.S. at 285.

Jones asserts his appellate counsel unreasonably omitted the suppression issue that he contends was a stronger argument than those raised on appeal. Jones claims the suppression issue was the only issue that would potentially result in reversal because the State lacked reasonable suspicion to initiate the stop, or it turned into a de facto arrest. The State argues Jones made no claim in the district court as to the merits of the motion to suppress and only raised a presumption of prejudice argument which is an incorrect statement of the law.

The district court held that Jones failed to allege a prima facie case of ineffective assistance of appellate counsel on appeal. Jones' amended petition did not incorporate his pro se petition or his affidavit. The amended petition did not address whether the suppression motion had any merit,

4

instead it merely alleged that appellate counsel's purported "failure to perfect an appeal 'essentially waive[d] [petitioner's] opportunity to make a case on the merits.'" (quoting *Beasley v. Idaho*, 126 Idaho 356, 361, 883 P.2d 714, 719 (Ct. App. 1994)). As to prejudice, the amended petition claimed, "[d]enial of counsel at a critical stage is presumptively prejudicial." At the summary dismissal hearing, Jones' counsel informed the district court that she was relying on the amended petition as Jones' opposition to the State's motion. The district court held Jones' claim that appellate counsel did not preserve the claim was not enough to rebut the presumption that counsel acted competently. Regarding prejudice, the district court noted Jones made no argument as to the merits of the suppression motion.

In the district court, Jones did not argue the merits of the suppression motion or how the suppression motion was a stronger issue than those raised by appellate counsel. Now, on appeal, Jones argues that the suppression motion was meritorious because the officers did not have a reasonable basis for the stop and, by virtue of the officers' guns being drawn and Jones being handcuffed in a police-dominated scene, he was subject to a de facto arrest. Below, Jones argued that prejudice is presumed. On appeal, he now argues the correct standard, that had counsel raised the suppression issue on appeal, there is a reasonable probability the appellate court would have reversed. These new arguments are not preserved as Jones did not present these claims with argument and authority to the district court. *State v. Miramontes*, 170 Idaho 920, 924-25, 517 P.3d 849, 853-54 (2022). Moreover, Jones is held to the theory presented in the district court. *State v. Wolfe*, 165 Idaho 338, 341-42, 455 P.3d 147, 150-51 (2019). Clearly, prejudice is not presumed. *Robbins*, 528 U.S. at 287. The district court correctly concluded that Jones failed to make a prima facie case of ineffective assistance of appellate counsel.[2]

---

[2] In his reply brief, Jones notes the trial record, motion to suppress and memoranda, transcript of the suppression hearing, and "the very same judge's 'Ruling Re Motion to Suppress'" were before the district court and, therefore, the district court disregarded its obligation of liberal construction in favor of Jones because "it was not a stretch to construe Mr. Jones' argument as that his appellate counsel was ineffective" in not appealing the suppression motion on the same grounds argued by trial counsel, even though this was not expressly argued by Jones. Instead, Jones claims the district court "threw up its hands" and declared it did not know [by virtue of Jones not making the argument] the grounds on which Jones was alleging appellate counsel fell short. This argument not only ignores preservation requirements, it also asks this Court to disregard Jones' failure to meet his burden to avoid summary dismissal and impose an obligation on the district court to make his arguments for him. That is not this Court's role or the district court's role.

Even addressing Jones' argument as to the merits of the motion to suppress, he has failed to demonstrate a prima facie case of ineffective assistance of appellate counsel. As noted, for the first time, Jones argues the merits of the suppression motion on appeal. First, he claims that the officers lacked reasonable suspicion for the stop. Once again, Jones did not make that argument incident to the motion to suppress. Jones argued that the stop was unlawfully extended, not that there was no basis for the stop. Moreover, on appeal, Jones only contests the stop on the basis of lack of reasonable suspicion of a drug transaction. However, the district court specifically noted that the officers stopped Jones for speeding: fifty miles-per-hour in a thirty-five miles-per-hour zone as well as having reasonable suspicion for a drug transaction. Jones does not challenge the speeding finding.

Second, Jones argues, as he did in the trial court, that he was de facto arrested. The trial court found that Jones stopped in the middle of a cul-de-sac at the end of a dead-end street and police had reason to believe he might run. Officers had observed what appeared to be a drug transaction at the trailer. Jones immediately opened his door and exited the vehicle backwards, that is with his back to the officers first and with his hands not visible. Officers approached with weapons drawn commanding Jones to show his hands. Jones acknowledged that he had a knife, which officers retrieved from Jones' front pants pocket. He was then handcuffed and placed in the patrol car. A drug detection dog alerted to the presence of drugs in the vehicle. In the trial court, Jones argued that the police dominated the scene and thus turned the stop into a de facto arrest. "Police domination at the scene of an otherwise routine traffic stop may constitute a *de facto* arrest." *State v. Parkinson*, 135 Idaho 357, 362, 17 P.3d 301, 306 (Ct. App. 2000). To make that determination, courts may consider many factors, "including 'the seriousness of the crime, the location of the encounter, the length of the detention, the reasonableness of the officer's display of force, and the conduct of the suspect as the encounter unfolds.'" *State v. Maahs*, 171 Idaho 738, 747, 525 P.3d 1131, 1140 (2023) (quoting *Reagan v. Idaho Transp. Dep't*, 169 Idaho 689, 697, 502 P.3d 1027, 1035 (2021)).

Jones' conduct dictated the scene. After Jones backed out of the car, with his hands not visible, he then backed up and reached into the open window of the rear passenger door, where a pit bull was standing with its head hanging out the window. On these facts, the officers reasonably concluded Jones might pose a substantial risk of danger or flight, and the decision to place him in handcuffs did not convert the detention into a de facto arrest. *Maahs*, 171 Idaho at 747, 525 P.3d

6

at 1140 (placing a suspect in handcuffs may convert an investigative detention to an arrest where law enforcement does not have a reason to believe that a suspect poses a substantial risk of danger or flight). Jones posed a substantial risk of danger or flight.

As noted, the district court determined Jones' conclusory assertion that appellate counsel did not raise the suppression claim "is not enough to rebut the presumption that counsel acted competently" because "defendants are not entitled to have their counsel raise all arguments" on appeal. Only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome. *See Dunlap*, 159 Idaho at 297, 360 P.3d at 306. Jones has not shown that the suppression motion was stronger than the arguments raised on appeal or that it was the only issue that would have potentially resulted in reversal of his conviction. Jones was successful on appeal in convincing a majority of the Supreme Court that there were evidentiary errors at trial. Nevertheless, Jones asserts that the evidentiary issues "ran squarely into the obvious problem of harmless error." He argues that there was "overwhelmingly incriminating evidence" of guilt. Aside from the harmless error standard not being based on an "overwhelming" analysis, the evidentiary errors placed a burden on the State to demonstrate harmless error on appeal, which is rarely a forgone conclusion. In the end, Jones failed to raise a genuine issue of material fact that appellate counsel's representation fell below an objective standard of reasonable performance on appeal and that, but for counsel's errors, there is a reasonable probability of a different result. *See Robbins*, 528 U.S. at 285. That is, there must be a "reasonable probability that the defendant would have prevailed on appeal" had the excluded issue been raised. *Dunlap*, 159 Idaho at 297, 360 P.3d at 306. Jones failed to raise and support, in the district court, the merits of the motion on the issues he now raises on appeal. Moreover, Jones has failed, in any event, to demonstrate a prima facie case of ineffective assistance of appellate counsel. The district court did not err in summarily dismissing Jones' amended petition for post-conviction relief.

## IV.

## CONCLUSION

The judgment of the district court summarily dismissing Jones' amended petition for post-conviction relief is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.

7