**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45432**

| | |
|---|---|
| MARK BLACK, | ) |
| | ) **Filed: March 6, 2019** |
| Petitioner-Appellant, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) |
| STATE OF IDAHO, | ) |
| | ) |
| Defendant-Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment dismissing petition for post-conviction relief, <u>affirmed</u>.

John C. Lynn, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Mark Black appeals from the district court's judgment dismissing his petition for post-conviction relief. Black challenges the district court's order granting the State's motion for summary dismissal of his petition. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Black pled guilty to trafficking in heroin, Idaho Code § 37-2732B(a)(6)(B). The district court entered judgment and imposed a unified fifteen-year sentence with ten years determinate. Black did not appeal.

Thereafter, Black filed a petition for post-conviction relief. He asserted two grounds for relief in the petition. First, Black argued I.C. § 37-2732B(a)(6)(B) is unconstitutional on nine separate theories. Second, Black argued his trial counsel rendered ineffective assistance by

1

failing to file a motion to dismiss challenging the constitutionality of I.C. § 37-2732B(a)(6)(B). The State moved for summary dismissal of Black's petition. The district court held a hearing on the State's motion for summary dismissal. Following the hearing, the court ordered the parties to file post-hearing briefing to address whether Black's first claim fails because (1) he had waived his right to directly challenge the statute's constitutionality pursuant to I.C. § 19-4908,[1] or (2) he had forfeited the claim in post-conviction proceedings pursuant to I.C. § 19-4901(b).[2] The district court concluded Black had failed to raise a challenge to the constitutionality of I.C. § 37-2732B(a)(6)(B) in the trial court or on direct appeal, and thus pursuant to I.C. § 19-4901(b) Black had forfeited his direct challenge to the statute in post-conviction proceedings. The court also concluded Black's ineffective assistance of counsel claim failed because Black had been unable to prove that his trial counsel's performance was deficient. Thus, the court granted the State's motion for summary dismissal and dismissed Black's petition for post-conviction relief with prejudice. Black timely appeals.

## II.

## ANALYSIS

Black asserts the district court erred by summarily dismissing his claim that § 37-2732B(a)(6)(B) is unconstitutional and his claim that trial counsel rendered ineffective assistance. The State asserts the district court did not err in dismissing the petition for post-conviction relief. We agree.

---

[1]     Idaho Code § 19-4908 provides:
    All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

[2]     Idaho Code § 19-4901(b) provides, in relevant part:
    Any issue which could have been raised on direct appeal, but was not, is forfeited and may not be considered in post-conviction proceedings, unless it appears to the court, on the basis of a substantial factual showing by affidavit, deposition or otherwise, that the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier.

2

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

### A.      Constitutionality of I.C. § 37-2732B(a)(6)(B)

On appeal, Black argues that the district court erred in summarily dismissing his direct challenge to the constitutionality of I.C. § 37-2732B(a)(6)(B) pursuant to the general rule contained in I.C. § 19-4901(b).[3] Alternatively, Black argues even if this Court concludes that the

---

[3]      It appears that Black has--to some extent--conflated the State's proposed basis for summary dismissal (that the claim was waived pursuant to I.C. § 19-4908) with the actual basis of the district court's ruling (that the claim was forfeited pursuant to I.C. § 19-4901(b)). Black asserts "the District Court erred as a matter of law on the question of *waiver*." (Emphasis added.) Black contends that the district court's "application of [the] *waiver* provision was based on a guilty plea and the eight-page guilty [plea] form." (Emphasis added.) Black also contends

4

general rule of I.C. § 19-4901(b) applies, his challenge to the constitutionality of I.C. § 37-2732B(a)(6)(B) falls within the exception of I.C. § 19-4901(b) and therefore should have been considered by the district court.

The State argues Black has failed to show error. According to the State, Black could have raised his constitutional challenge on direct appeal but did not, and thus the claim is forfeited in post-conviction proceedings pursuant to I.C. § 19-4901(b). The State also argues the district court correctly concluded that Black failed to show that the exception to I.C. § 19-4901(b) applies in his case. We agree.

The scope of post-conviction relief is limited. *Knutsen v. State*, 144 Idaho 433, 438, 163 P.3d 222, 227 (Ct. App. 2007). A petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). A claim or issue that was or could have been raised on appeal may not be considered in post-conviction proceedings. *Id.*; *Mendiola v. State*, 150 Idaho 345, 348-49, 247 P.3d 210, 213-14 (Ct. App. 2010). To fall within the exception and be granted post-conviction relief on an issue which could have been raised on direct appeal, but was not, a petitioner must show "on the basis of a substantial factual showing by affidavit, deposition or otherwise, that the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier." I.C. § 19-4901(b); *Bias v. State*, 159 Idaho 696, 702, 365 P.3d 1050, 1056 (Ct. App. 2015).

Black's petition for post-conviction relief contained his first challenge to the constitutionality of I.C. § 37-2732B(a)(6)(B). Black attempted to challenge the constitutionality

_____

that a "knowing *waiver*, by definition, necessarily requires the person waiving to have been made aware of what he [is] waiving," and thus "the argument that the constitutionality [of] Idaho Code § 37-2732B [is] *waived*, pursuant to Idaho Code § 19-4901(b), fails for the simple reason that Appellant was never informed or advised that this statute was subject to a constitutional challenge in the trial court proceedings." (Emphasis added.)

It is plausible that Black's conflation of the waiver and forfeiture statutes is due, in part, to the district court's interchangeable use of the terms "waived" and "forfeit" at the hearing on the State's motion for summary dismissal. However, the court did not dismiss Black's first claim on the basis that he had waived his constitutional challenge to I.C. § 37-2732B(a)(6)(B). Following the hearing on the State's motion for summary dismissal and submission of post-hearing briefing, the district court determined that Black could have challenged the constitutionality of I.C. § 37-2732B(a)(6)(B) on direct appeal but did not, and thus the claim was forfeited in post-conviction proceedings pursuant to I.C. § 19-4901(b). Insofar as Black argues the court erred by concluding the claim was waived, his argument is misplaced.

of I.C. § 37-2732B(a)(6)(B) in the trial court by filing a motion to withdraw guilty plea pursuant to Idaho Criminal Rule 33(c). However, the motion was not timely filed, so the district court dismissed the motion without considering its merits. On appeal, Black concedes that he did not file a direct appeal in the underlying criminal case. Thus, the district court correctly concluded that Black could have raised a constitutional challenge to the statute on direct appeal from his underlying conviction, but he did not.

Furthermore, contrary to Black's argument, I.C. § 19-4901(b) operates independently from a petitioner's awareness of potential claims that he or she could have raised on direct appeal. Idaho Code § 19-4901(b) does not precondition the forfeiture of a claim in post-conviction proceedings on a petitioner's knowledge or awareness of whether a claim could have been raised on direct appeal. In order to render a claim forfeited in post-conviction proceedings, the language of I.C. § 19-4901(b) merely requires that the petitioner could have raised the claim on direct appeal in the underlying criminal case and failed to do so. Therefore, regardless of whether Black was informed or advised that the trafficking statute was subject to a constitutional challenge in trial court proceedings, his constitutional claim is forfeited in post-conviction pursuant to I.C. § 19-4901(b) because it could have been raised on direct appeal in the first instance but was not.

The district court also correctly concluded that Black's constitutional challenge does not fall within the exception to the general rule of I.C. § 19-4901(b). Black did not present the district court with any evidence that his constitutional claim could not, in the exercise of due diligence, have been presented earlier, and he has not pointed this Court to any such evidence in the record on appeal. Instead, Black directs our attention to *Hoffman v. State*, 153 Idaho 898, 277 P.3d 1050 (Ct. App. 2012) and *Mintun v. State*, 144 Idaho 656, 168 P.3d 40 (Ct. App. 2007). Relying on those cases, Black argues unobjected-to trial errors may be directly attacked in post-conviction proceedings, despite not being raised in the trial court or on direct appeal, because the "substantial doubt" language in I.C. § 19-4901(b) incorporates the doctrine of fundamental error.

The substantial doubt aspect of the statute is not akin to the fundamental error doctrine, and we have rejected similar arguments in the past. In *Mintun*, the petitioner challenged the district court's denial of his post-conviction claim that his appellate counsel was ineffective. *Mintun*, 144 Idaho at 658, 168 P.3d at 42. In a subsequent case, we explained, "In affirming the district court's denial of [Mintun's] claim, we held the proper way for a defendant to challenge

6

an unpreserved trial error is to assert ineffective assistance of trial counsel in a post-conviction proceeding." *Bias*, 159 Idaho at 703, 365 P.3d at 1057. We concluded, "*Mintun* did not hold, even tangentially, that an unpreserved trial error itself can be raised in a post-conviction proceeding." *Bias*, 159 Idaho at 703, 365 P.3d at 1057. Furthermore, in *Grove v. State*, 161 Idaho 840, 392 P.3d 18 (Ct. App. 2017), we reaffirmed that "the proper way for a defendant to challenge an unpreserved trial error is to assert ineffective assistance of trial counsel in post-conviction proceeding[s]." *Id.* at 851, 392 P.3d at 29. Thus, *Mintun* does not support Black's argument.

Likewise, Black's conclusion does not follow from *Hoffman*. In *Hoffman*, the petitioner's claim was an ineffective assistance of counsel claim, not a claim directly challenging an unobjected-to error for the first time in post-conviction proceedings. *Hoffman*, 153 Idaho at 903-905, 277 P.3d at 1055-57. For these reasons, the district court did not err in concluding "section 19-4901(b)'s general rule applies, not its exception" and summarily dismissing Black's first claim, which directly challenged the constitutionality of I.C. § 37-2732B(a)(6)(B).

## B. Ineffective Assistance of Counsel

Black's ineffective assistance of counsel claim is based on his trial counsel's failure to file a motion to dismiss challenging the constitutionality of I.C. § 37-2732B(a)(6)(B). Black argues that "Resolution of the constitutionality issue is then, by definition, resolution of the ineffective assistance of counsel claim." Black's argument that the resolution of his constitutionality claims is outcome determinative of his ineffective assistance of counsel claim is incorrect as a matter of law. Resolution of the constitutionality issue is determinative of both prongs of *Strickland* where the court concludes that the motion, if pursued, would *not* have been granted by the trial court. *Lint v. State*, 145 Idaho 472, 477-78, 180 P.3d 511, 516-17 (Ct. App. 2008) (emphasis added). However, where the motion would have been granted had it been filed, the petitioner is still required to overcome the presumption that the decision not to file the motion was within the wide range of permissible discretion and trial strategy. *Wurdemann v. State*, 161 Idaho 713, 718, 390 P.3d 439, 444 (2017).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the

deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). As to the deficient performance analysis, the Idaho Supreme Court stated in *Adamcik v. State*, 163 Idaho 114, 408 P.3d 474 (2017):

> In *Wurdemann v. State*, 161 Idaho 713, 390 P.3d 439 (2017), this Court recently outlined a two-part inquiry for determining whether the failure to file a motion to suppress satisfies *Strickland*'s deficiency prong. First, the threshold issue is "whether the motion, if filed, should have been granted." *Id.* at 717, 390 P.3d at 443 (quoting *State v. Dunlap*, 155 Idaho 345, 385, 313 P.3d 1, 41 (2013)). A motion that would not have been granted by the trial court ends the inquiry, as counsel's conduct cannot have fallen below a reasonable standard for failing to object to admissible evidence. *State v. Payne*, 146 Idaho 548, 562, 199 P.3d 123, 137 (2008). Second, if the motion would have been granted, "the petitioner is still required to overcome the presumption that the decision not to file the motion 'was within the wide range of permissible discretion and trial strategy.'" *Wurdemann*, 161 Idaho at 718, 390 P.3d at 444 (quoting *Estrada v. State*, 143 Idaho 558, 561, 149 P.3d 833, 836 (2006)).

*Adamcik*, 163 Idaho at 124, 408 P.3d at 484.

Thus, under *Wurdemann*, once it has been determined that the motion should have been granted had it been filed, the petitioner is still required to overcome the presumption that the decision not to file the motion was within the wide range of permissible discretion and trial strategy. *Wurdemann*, 161 Idaho at 718, 390 P.3d at 444. The Supreme Court explained:

> When evaluating an ineffective assistance of counsel claim, this Court does not second-guess strategic and tactical decisions, and such decisions cannot serve as a basis for post-conviction relief unless the decision is shown to have resulted from inadequate preparation, ignorance of the relevant law or other shortcomings capable of objective review.

*Id.* at 720-721, 390 P.3d at 476-477 (quoting *Payne*, 146 Idaho at 561, 199 P.3d at 136). "[R]ecognizing the strong presumption that counsel acted 'within the wide range of reasonable professional assistance,' we review whether counsel's decision not to file a motion to [dismiss] was reasonable given the prevailing legal standards at the time of the trial." *Wurdemann*, 161 Idaho at 721, 390 P.3d at 477 (citations omitted).

With respect to the question of whether the motion would have been granted, the district court stated that it was "[p]utting aside for a moment whether a motion to dismiss the trafficking charge on grounds of section 37-3732B(a)(6)(B)'s alleged unconstitutionality would've

8

succeeded" and assumed *arguendo* that one of the challenges might have succeeded.[4]   Thus, the court assumed, without deciding, that the motion to dismiss would have been granted and then proceeded to address whether Black had overcome the presumption.[5]

As an initial matter, we note that the issue of whether the attorney made a strategic or tactical decision in not pursuing a motion to dismiss was not raised below and is not, therefore, properly at issue on appeal.  *See Kirk v. Wescott*, 160 Idaho 893, 382 P.3d 342, 348 (2016) (stating that issues not raised below will not be considered on appeal); *Akers v. Mortensen*, 160 Idaho 286, 288, 371 P.3d 340, 342 (2016) ("a party waives an appellate issue that is not supported with relevant argument or authority").  While the State mentioned the presumption in its brief to the district court, it was merely included in the recitation of the standards and not argued.  Black never mentioned or argued the standard nor whether the attorney's failure to file a motion was not a strategic or tactical decision or otherwise fell outside the prevailing professional norms.   Thus, in the absence of any argument, let alone evidence, below, we need not consider the issue on appeal and Black has failed in his burden to demonstrate that the attorney's decision resulted from inadequate preparation, ignorance of the relevant law, or other shortcoming capable of objective review.[6]

The district court concluded that "it was reasonable, under the prevailing legal standards at the operative time, for trial counsel not to pursue these challenges" by filing a motion to dismiss.  This is a factual finding.  *See Wurdemann*, 161 Idaho at 721, 390 P.3d at 447 (trial court finding that there was no strategic or tactical decision is a factual finding).  We will not disturb such a finding unless it is clearly erroneous.  *Id*.  In concluding that it was reasonable not to file the motion, the court noted that Black had presented a "dearth of evidence that, at the time

---

[4]   We note that in some instances our Supreme Court has indicated that the district court is "required" to first address the probability of success of the asserted motion.  *See Huck v. State*, 124 Idaho 155, 158, 857 P.2d 634, 637 (Ct. App. 1993).  However, Black does not directly challenge the district court's procedure in applying the *Wurdemann* standard.  Nonetheless, we believe the better practice is to first address the probability of success of the asserted motion.

[5]   However, the district court noted, "[T]he Court will observe that none of [Black's nine challenges to section 37-2732B(a)(6)(B)'s constitutionality] strike the Court as at all likely to have succeeded."   The court also stated that I.C. § 37-2732B "doesn't appear to be constitutionally infirm, at least not on any of Black's theories."

[6]   The summary disposition proceedings in this case occurred after issuance of the *Wurdemann* decision.

of trial, it was a prevailing practice among defense attorneys to challenge section 37-2732B on constitutional grounds." The court also stated that Black had presented no evidence that similarly situated defendants were pursuing these sorts of challenges before he entered his guilty plea. The court then cited several Idaho appellate opinions that rejected challenges to the constitutionality of I.C. § 37-2732B(a)(6)(B). *State v. Pena-Reyes*, 131 Idaho 656, 656-57, 962 P.2d 1040, 1040-41 (1998) (holding the trafficking statute does not violate article 5, § 13, of the Idaho Constitution); *State v. Puetz*, 129 Idaho 842, 844, 934 P.2d 15, 17 (1997) (holding the trafficking statute fully complies with article 5, § 13, of the Idaho Constitution); *State v. Payan*, 132 Idaho 614, 616-18, 977 P.2d 228, 230-32 (Ct. App. 1998) (holding that the exercise of prosecutorial discretion in choosing to prosecute under I.C. § 37-2732B rather than another statute which proscribes the same conduct but provides for a different penalty did not violate the Equal Protection Clause of the United States Constitution or the equal protection provision of the Idaho Constitution); *State v. Rogerson*, 132 Idaho 53, 55-58, 966 P.2d 53, 55-58 (Ct. App. 1998) (holding the trafficking statute does not violate separation of powers principles, does not violate due process, and does not violate the equal protection clause). The court characterized some of Black's nine constitutional challenges as "highly similar" to the challenges already rejected in those cases and reasoned that these opinions constituted "good reason" why such constitutional challenges to the trafficking statute "are rare nowadays."

These findings are sufficient to support a conclusion that Black failed to overcome the presumption that the decision not to file the motion to dismiss was within the wide range of permissible discretion and trial strategy. Moreover, except to argue that the district court's reasoning is circular, Black has failed to overcome the presumption and failed to demonstrate that the district court's factual finding was clearly erroneous. We are not required to accept either Black's mere conclusory allegations, unsupported by admissible evidence, or his conclusions of law. Black failed to present evidence sufficient to overcome the presumption that the decision not to file the motion was within the wide range of permissible discretion and trial strategy. Thus, Black failed to make a prima facie case as to each essential element of the ineffective assistance of counsel claim. Accordingly, Black has failed to show error in the district court's conclusion that trial counsel's performance was not deficient.

## III.

## CONCLUSION

Pursuant to I.C. § 19-4901(b), Black forfeited his post-conviction claim that I.C. § 37-2732B(a)(6)(B) is unconstitutional. Black failed to show that trial counsel rendered ineffective assistance of counsel. Accordingly, the district court did not err in summarily dismissing both claims in Black's petition for post-conviction relief. The judgment dismissing the petition for post-conviction relief is affirmed.

Judge HUSKEY and Judge BRAILSFORD **CONCUR**.