IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 46997

| | | |
|---|---|---|
| TIMOTHY C. DURETTE, | ) | |
| | ) | Filed: October 30, 2020 |
| Petitioner-Appellant, | ) | |
| | ) | Melanie Gagnepain, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County. Hon. Barbara A. Buchanan, District Judge.

Order dismissing amended petition for post-conviction relief, affirmed.

Timothy C. Durette, Orofino, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Chief Judge

Timothy C. Durette appeals from the district court's order dismissing his pro se amended petition for post-conviction relief (amended petition). Durette asserts multiple errors by the magistrate court, the district court, his trial counsel, and his appellate counsel. Because Durette (1) failed to articulate any error with the district court's denial of his post-conviction claims and subsequent dismissal of his amended petition, and (2) failed to support his claims with argument and authority, the district court's order dismissing Durette's amended petition is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The district court made factual findings, summarized below: After receiving a call from Durette's wife reporting concerns about Durette's behavior, including his propensity for shooting guns on their property, Officer Watts checked with dispatch and confirmed that Durette was a convicted felon from California. The next day, Watts traveled to the Durettes' residence to

1

investigate. Upon arrival, Durette and another individual approached Watts in the driveway. Durette wore a shoulder holster with a weapon on his left side and carried a long rifle. Durette placed the rifle against a vehicle and spoke with Watts. When Watts informed Durette that Durette was a felon in possession of a firearm, Durette responded that Watts was trespassing and needed to leave the property. Watts stated he would not leave the property and Durette needed to put the weapons on the ground; Durette disregarded the order, grabbed the rifle, and went back inside his residence. Durette was arrested later that day at a local restaurant. After Durette's arrest, Watts returned to the Durettes' residence either accompanied by, or at the request of, Durette's wife to look for the guns Durette had been carrying when Watts and Durette had spoken. At the Durettes' residence, Durette's wife gave Watts access to the house, and consented to Watts searching the house and the gun safe, which contained both Durette's and his wife's firearms and paperwork. Although Durette's wife did not have a key to the gun safe, she was able to find the key in another safe located in the home. Watts found multiple firearms in the safe, and the State charged Durette with unlawful possession of a firearm by a convicted felon.

Durette pled guilty to the charge, and the district court sentenced him to a unified term of five years, with two years determinate. Durette appealed, arguing the district court abused its discretion by imposing an excessive sentence. This Court affirmed the judgment of conviction and sentence. *State v. Durette*, Docket No. 44918 (Ct. App. Sept. 22, 2017) (unpublished).

Thereafter, Durette filed a petition for post-conviction relief, and the district court granted Durette's accompanying motion for the appointment of post-conviction counsel. Although represented by counsel, Durette continued to file pro se motions, including an amended petition which asserted claims of manifest injustice, illegal search and seizure, abuse of discretion by the magistrate court, abuse of discretion by the district court, ineffective assistance of trial counsel, and ineffective assistance of appellate counsel.

Because of Durette's pro se filings and other communication issues, Durette's appointed post-conviction counsel moved to withdraw from Durette's representation. The district court granted the motion and declined to appoint new post-conviction counsel to represent Durette. The district court accepted Durette's amended petition and held an evidentiary hearing on the amended petition.

2

After an evidentiary hearing, the district court found Durette forfeited his claims related to the illegal search of his property, the magistrate court's errors, and the district court's errors by not raising the issues on direct appeal from his criminal conviction. Additionally, the district court found Durette did not establish ineffective assistance of trial counsel or appellate counsel by a preponderance of the evidence. Accordingly, the district court dismissed Durette's amended petition. Durette timely appeals.

## II.

## STANDARD OF REVIEW

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

Pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.*

## III.

## ANALYSIS

On appeal, Durette asserts: (1) the warrantless search of the gun safe violated his Fourth Amendment rights because Watts failed to determine if Durette's wife had mutual control over the safe; (2) the magistrate court violated Durette's Fourth, Fifth, and Sixth Amendment rights by forcing Durette to proceed with ineffective trial counsel, removing Durette from the courtroom during the preliminary hearing, and denying Durette his right to cross-examine

3

witnesses; (3) the district court erred when it failed to inquire into the breakdown of communication between Durette and his trial counsel, forced Durette to use ineffective trial counsel, and denied Durette a new preliminary hearing; (4) the district court erred in its decision finding Watts had the consent of Durette's wife to open the safe and that an alleged trespass did not demonstrate that a motion to suppress, if filed, would have been granted; (5) his trial counsel was ineffective for failing to file a motion to suppress evidence obtained by the warrantless search; and (6) his appellate counsel was ineffective for "failing to raise all substatial [sic] claims in [his] Amended Petition for Post Conviction [sic] Relief."[1] In response, the State alleges that Durette waives his claims on appeal by failing to allege error with the district court's decision, show clear error, and support his claims with argument and authority.

We note that for most of the issues presented on appeal, Durette does not allege error with the district court's decision. However, even when reviewed on the merits, the district court correctly articulated the standard for post-conviction relief, made the appropriate factual findings, applied the relevant law to those facts, and correctly denied the claims.

**A.    Durette Waived Claims 1, 2, 3, and 4, Which Could Have Been Raised on Direct Appeal**

Durette argues that, pursuant to the Fourth Amendment, any evidence gathered by the warrantless search of his safe should have been suppressed because Watts did not have a warrant and did not clarify with Durette's wife whether she had actual authority to provide consent for Watts to search the safe. Additionally, Durette alleges the magistrate court violated his Fourth, Fifth, and Sixth Amendment rights by forcing him to proceed with ineffective trial counsel, removing Durette from the courtroom during the preliminary hearing, and denying him the right to cross-examine witnesses. Finally, Durette contends the district court erred when it failed to properly inquire into the breakdown of communication between Durette and his trial counsel, forced Durette to rely on ineffective trial counsel, and denied Durette a new preliminary hearing.

The scope of post-conviction relief is limited. *Knutsen v. State*, 144 Idaho 433, 438, 163 P.3d 222, 227 (Ct. App. 2007). A petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). A claim or issue that was or could have been raised on appeal may not be considered in post-conviction proceedings. *Id.*; *Mendiola v. State*, 150 Idaho 345, 348-49, 247 P.3d 210, 213-14 (Ct. App. 2010). To be granted an exception from this general rule, a

---

[1]    Durette makes this allegation despite that appellate counsel did not represent him at any time during his post-conviction proceedings and that he filed his amended petition pro se.

petitioner must show "on the basis of a substantial factual showing by affidavit, deposition or otherwise, that the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier." I.C. § 19-4901(b); *see also Black v. State*, 165 Idaho 100, 105, 439 P.3d 1272, 1277 (Ct. App. 2019).

Here, the district court found Durette could have raised the above claims in Durette's direct appeal, but did not. Additionally, the district court found Durette did not provide any evidence that he could not have, in the exercise of due diligence, presented the claims earlier to qualify as an exception to the general rule that claims that could or should be raised on direct appeal are not claims that can be pursued in a post-conviction petition. On appeal, Durette does not challenge these findings or point this Court to any contradictory evidence in the record. Because appellate courts will not search the appellate record for error, where an appellant fails to assert his assignments of error with particularity and to support his position with sufficient authority, those assignments of error are too indefinite to be heard by the Court. *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). "Consequently, to the extent that an assignment of error is not argued and supported in compliance with the [Idaho Appellate Rules], it is deemed to be waived." *Id*. Thus, the issues Durette raises were known to him prior to his direct appeal and he does not challenge the district court's finding that the claims could have been raised on direct appeal. Therefore, the district court's denial of these claims is affirmed.

## B. Durette Waived Claim 5--Ineffective Assistance of Trial Counsel

Durette alleges his trial counsel provided ineffective assistance by failing to file a motion to suppress despite Durette's multiple requests to do so. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she

would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted ineffective assistance. *Lint v. State*, 145 Idaho 472, 477, 180 P.3d 511, 516 (Ct. App. 2008). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Id.* at 477-78, 180 P.3d at 516-17. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

Durette's claim fails for three reasons. First, he does not apply the correct standard for assessing deficient performance. Second, he does not allege any prejudice from the alleged deficient performance. And third, the district court correctly analyzed the claim on the merits and Durette does not challenge the district court's conclusions.

Durette's argument on this issue is as follows:

> Petitioner argues that he had requested to his counsel on numerous occasions to file a motion to suppress and his counsel failed and "refused" to file the motion. This evidence can be "simply proven" by reviewing counsel's statement to the court in counsel[']s answer to the court as to why she had not filed the motions that her client had requested . . . . A counsel[']s failure to honor her client[']s request to file a motion to suppress the introduction of illegal evidence was derelict.

Although Durette argues that trial counsel's failure to file a motion requested by a defendant, by itself, constitutes deficient performance, as noted above, this is not the standard by which the claim is analyzed.

Further, the district court found the record reflected that Durette's trial counsel did not pursue a motion to suppress because she believed the motion had no legal merit. This finding is supported by substantial and competent evidence; transcripts in the record show that Durette's

6

trial counsel told the district court that trial cousel did not believe a motion to suppress had legal merit and Durette should seek substitute counsel if he desired an attorney who would file the motion. Durette does not challenge the district court's finding that his trial counsel reasonably believed the motion to suppress had no merit and, accordingly, Durette has not established deficient performance as required for a successful ineffective assistance of counsel claim.

Alternatively, the district court found that even if Durette's trial counsel had filed a motion to suppress, it was more likely than not that it would have been denied by the trial court. In reaching this conclusion, the district court found:

> In this case, there was no hearing in the underlying action directed to the merits of the suppression issue, but on the limited facts found in these post-conviction proceedings, it is clear that [Durette's wife] consented to the search of the residence and gun safe by Deputy Watts. [She] either had actual authority to consent because she shared with her then husband, Timothy Durette, common authority over, or other sufficient relationship to the premises and the gun safe sought to be inspected; or she had apparent authority to consent because Deputy Watts reasonably believed, *even if erroneously*, based on the totality of the circumstances known at the time, that she possessed authority to consent. Lastly, the issue of whether Deputy Watts trespassed on the property on August 18, 2016, when [Durette's wife] was not present (as Mr. Durette contends), or had probable cause to enter after hearing gunshots from the county road (as Deputy Watts opined on the stand), is irrelevant because the search of the premises did not occur on August 18th, but in the following day or days when [Durette's wife] was present to give her consent.

Durette alleges this analysis was in error. Specifically, Durette argues the district court erred by finding that: (1) Deputy Watts "had the right to open a locked safe without clearing any ambiguity over whom had control"; and (2) regardless of the date that Watts "trespass[ed]," the evidence seized as a result of the search of the house and gun safe should still be suppressed as illegally obtained based on the earlier alleged trespass.

Both of Durette's allegations are conclusory and are unsupported by any argument or authority. Durette does not provide any legal support explaining why the district court's conclusion that Watts' belief that Durette's wife had apparent authority to consent to his search of the safe was erroneous. Nor does Durette point to any evidence in the record supporting a claim that his wife did not have authority to consent to the search, why her lack of authority should have been reasonably apparent to Watts, and how this related to his ineffective assistance of trial counsel claim.

7

Similarly, Durette does not provide argument or authority related to his allegation the district court erred in finding that any alleged trespass by Watts on August 18, 2016, was irrelevant to the determination of whether the trial court would have granted a motion to suppress, had Durette's trial counsel filed one. Instead, Durette appears to argue the evidence obtained during the search of the safe should have been suppressed because of Watts' alleged trespass onto his property a day or so earlier. As previously discussed, Durette's Fourth Amendment claims could have been raised on direct appeal, and thus, Durette is precluded from raising such claims in a petition for post-conviction relief. Without more than conclusory allegations of error, Durette cannot establish either that his trial counsel rendered deficient performance or that he was prejudiced because of that alleged deficient performance.

C.      **Durette Waived Claim 6--Ineffective Assistance of Appellate Counsel**

Additionally, Durette alleges a claim of ineffective assistance of appellate counsel, stemming from his representation by the State Appellate Public Defender (SAPD). As to this claim, the district court found:

> Mr. Durette did not call the SAPD as a witness at the evidentiary hearing. The Court has no affidavit before it from the SAPD. There is nothing in the record showing why the SAPD did not raise on direct appeal some or all of the issues and claims desired by Mr. Durette. Without any such evidence, this Court cannot find that the SAPD rendered deficient performance.

On appeal, Durette does not challenge the district court's findings or point this Court to evidence in the record to support his claim of ineffective assistance of appellate counsel. Instead, Durette's argument substantively consists of the contention that "his state appointed appellate public defenders had provided the ineffective assistance of counsel by failing to raise all substatial [sic] claims in the petitioner's Amended Petition for Post Conviction [sic] Relief." Durette fails to articulate how his appointed appellate attorney had any obligation to draft a post-conviction petition for Durette when the SAPD did not represent Durette in the post-conviction case; what claims his appellate counsel should have, but did not, pursue; how the failure to pursue these claims fell below an objective standard of reasonableness; and how he was prejudiced by the alleged deficiency. Without such argument and authority, Durette waives consideration of the issue on appeal. *Bach*, 148 Idaho at 790, 229 P.3d at 1152.

8

## IV.
## CONCLUSION

Durette largely failed to articulate any error with the district court's decision, and therefore did not establish error by the district court in denying his claims and dismissing his amended petition. Durette could have raised his claims regarding the alleged illegal search of his property, errors by the magistrate court, and errors by the district court in Durette's direct appeal from the judgment of conviction entered in his criminal case; accordingly, he is precluded from pursuing the claims through a petition for post-conviction relief. Additionally, Durette failed to support his claims of ineffective assistance of trial and appellate counsel with any argument or authority and therefore waived consideration of the issues on appeal. Accordingly, the district court's order dismissing Durette's amended petition for post-conviction relief is affirmed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.