## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 47831

| | |
|---|---|
| ROBERT WESLEY WARDEN, | ) |
| | ) Filed: December 9, 2021 |
| Petitioner-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. Gregory FitzMaurice, District Judge.

Judgment summarily dismissing amended petition for post-conviction relief, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Robert Wesley Warden appeals from the judgment summarily dismissing his amended petition for post-conviction relief. We affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

After a bench trial, Warden was found guilty of felony driving under the influence (DUI). I.C. § 18-8005(9). At trial, the arresting officer testified that he pursued Warden after passing him on the highway and seeing him cross the fog line in the officer's side mirror. After the officer began following Warden's vehicle, the officer observed Warden drift from side-to-side, cross the centerline, react slowly to an oncoming vehicle, and again drift over the fog line. Those observations led to the traffic stop and subsequent DUI investigation. This Court affirmed

1

Warden's judgment of conviction and sentence in an unpublished opinion. *State v. Warden*, Docket No. 46136 (Ct. App. Apr. 12, 2019).

Subsequently, Warden filed a petition for post-conviction relief. The district court appointed counsel for Warden who filed an amended petition. The amended petition was not verified and did not clearly identify specific claims for relief. Rather, the petition generally alleged ineffective assistance of trial counsel "throughout the proceedings"; asserted "the information used in prosecuting [Warden] should have been subject to the Fourth Amendment exclusionary rule"; and the prosecution would have "been dismissed if the defense attorneys had assiduously pursued the wrong presentation of facts by the arresting deputy" given that the "purported facts" in the probable cause affidavit "were (at best) inaccurate." These general assertions were followed by three arguments described as: (1) the arresting officer's statements in the probable cause affidavit and under oath "were factually opposed to each other, such that the defense counsel should have exposed that . . . the entire reason for the initial stop was unreliable, and . . . [the arresting officer's] testimony was inherently unreliable"; (2) the arresting officer "testified to information which was impossible to have occurred, such that defense counsel should have exposed the entire reason for the initial stop was unreliable, and the following testimony is then inherently unreliable"; and (3) even if the arresting officer's "testimony about crossing the fog line were true, 'failure to maintain lane,' for crossing the fog line" does not provide probable cause for a traffic stop. The State filed an answer and a motion for summary dismissal of the amended petition. After a hearing, the district court summarily dismissed Warden's amended petition. In its written decision summarily dismissing Warden's amended petition, the district court concluded: (1) Warden failed to allege a genuine issue of material fact that counsel's impeachment of the arresting officer's testimony at trial was deficient or that the outcome of the trial would have been different; (2) Warden was not entitled to relief on the "claim" that the arresting officer could not have seen Warden's tire cross the fog line "given the speed of the vehicles, the lighting available, and the curvature of the road" because the record showed that trial counsel cross-examined the arresting officer on the bases for the stop; (3) Warden was not entitled to relief on his "claim" that touching the fog line does not provide probable cause for a traffic stop because "the record shows the initial touching [of] the fog line was only one factor of several" justifying the stop; and (4) Warden failed to provide evidence that trial counsel "did not visit the scene of the arrest," which would have

2

allowed counsel to "succeed" at the hearing on the motion to suppress "or at trial." Warden appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Warden argues that the district court erred by summarily dismissing his "claim" that his trial counsel was ineffective when he "failed to challenge, in a motion to suppress, whether [the arresting officer] had reasonable suspicion to stop [Warden's] vehicle." Warden further argues that, had his trial counsel "prepared adequately," he "would have known there was a reasonable basis to challenge" reasonable suspicion for the traffic stop. The State responds that Warden failed "to provide an adequate record to support" his claim because the motion to suppress that was filed is not included in the record on appeal. Alternatively, the State asserts that the district court's summary dismissal decision was correct because Warden's challenges to the officer's credibility vis-à-vis the basis for the traffic stop did not provide a valid basis for a motion to suppress; accordingly, any such motion would have been denied. We hold that the record is adequate for appellate review and that Warden has failed to show error in the summary dismissal of his petition.

### A.    Adequacy of the Record

We first address the State's assertion that "Warden's argument on appeal should be rejected because he failed to provide an adequate record to support his petition" by failing to submit the motion to suppress and supporting brief from the underlying case with his post-conviction petition. The State argues that, as a result, "neither the district court nor this Court can conclude that Warden has stated a prima facie claim for ineffective assistance of counsel because [trial] counsel failed to make a particular argument" in that motion. We reject this argument for two reasons.

First, the State's argument that the absence of Warden's suppression motion and supporting brief deprived Warden's petition of adequate evidentiary support is not preserved. The State did not argue before the district court that Warden did not adequately support his petition by failing to submit his motion to suppress and supporting brief with his petition. Nor did the district court cite the absence of Warden's suppression motion or supporting brief as a basis for summarily dismissing his petition. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991).

Second, the absence of the motion to suppress and supporting brief below and on appeal does not foreclose review of the district court's decision because Warden did not plead, and the district court did not decide, any claim that trial counsel was ineffective in relation to the contents of the motion to suppress that was filed. Nor is there any claim in Warden's amended petition that trial counsel was ineffective for failing to file a different or additional motion to suppress. Warden's amended petition, the documents offered in support (including the transcript of the suppression hearing), the State's motion for summary dismissal, and the district court's written decision dismissing the amended petition are all included in the record on appeal. Thus, the record is adequate for appellate review.

**B.      Summary Dismissal**

Warden argues the district court erred in summarily dismissing his "claim" that trial counsel was ineffective in pursuing a motion to suppress on the grounds that there was no reasonable suspicion for the traffic stop. No such "claim" was alleged in Warden's petition. Warden, however, asserts that the district court "recognized this issue at the hearing on the State's motion" for summary dismissal. This "recognition" came in the form of questioning by the district court on whether the "focus" was on both the trial and the suppression hearing, and whether trial counsel should have done a "better job" at the suppression hearing in terms of challenging the arresting officer's credibility regarding the bases for the traffic stop. However, the district court's consideration of trial counsel's conduct at the suppression hearing was ultimately limited to whether trial counsel was ineffective for failing to "visit[] the scene of the arrest" in order to discover that the arresting officer's testimony was unreliable, which would have bolstered the challenge to the officer's testimony at the suppression hearing and trial. The district court rejected this claim on the basis that Warden failed to provide any proof that trial counsel failed to do so.

On appeal, Warden does not challenge the district court's conclusion that he failed to provide evidence that trial counsel did not visit the scene of the arrest to obtain information to impeach the arresting officer's testimony. Instead, Warden challenges the district court's conclusion regarding his assertion that the arresting officer could not have seen Warden's vehicle cross the fog line from the side mirror while the officer was traveling at a high speed in the opposite direction on a curvy road at night. That conclusion was that Warden failed to show "that the alleged deficient conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." From this conclusion, Warden complains that the district court erroneously noted a lack of prejudice at trial rather than the suppression hearing and argues that, "had [trial] counsel prepared properly and challenged, in the motion to suppress, whether the stop of [Warden's] vehicle was supported by reasonable suspicion, he would likely have succeeded." However, the district court referenced the outcome of trial because Warden specifically challenged trial counsel's performance at trial in relation to his impeachment of the arresting officer. In short, Warden conflates aspects of his amended petition, the transcript of the summary dismissal hearing, and the district court's decision in an effort to demonstrate error on a claim he never pled. We decline to find error based on this patchwork of arguments. *See* I.C. §19-4903 (requiring post-conviction petition to "specifically set forth the grounds upon which the application is based"); *State v. Gonzalez*, 165 Idaho 95, 99, 439 P.3d 1267, 1271 (2019) (stating that preservation of issue on appeal requires both the issue and the party's position on the issue to be raised before the trial court). *Griffith v. State*, 121 Idaho 371, 374, 825 P.2d 94, 97 (Ct. App. 1992) (explaining that all necessary allegations must be included in a post-conviction petition).

Even assuming Warden had pled his trial counsel was ineffective for not further impeaching the arresting officer's credibility at the suppression hearing, Warden has failed to show that he was entitled to an evidentiary hearing on any such claim. Claims for post-conviction relief may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of his claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for

post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Generally, petitioners must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency to prevail on a claim of ineffective assistance counsel. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. The threshold inquiry to determine whether an attorney's failure to file a motion to suppress constitutes deficient performance is whether the proposed motion would have succeeded. *Black v. State*, 165 Idaho 100, 106, 439 P.3d 1272, 1278 (Ct. App. 2019). Even if a proposed suppression motion would have been granted, petitioners still must overcome the presumption that counsel's decisions in pursuing the motion fell within the wide range of permissible discretion and trial strategy. *Id.* at 107, 439 P.3d at 1279. This presumption is particularly applicable to trial counsel's choice of witnesses, manner of cross-examination, and lack of objections to testimony, which generally fall within the realm of tactical or strategic decisions. *Thumm v. State*, 165 Idaho 405, 413, 447 P.3d 853, 861 (2019).

Warden claimed that the arresting officer's testimony was unreliable for two reasons. First, Warden alleged that the officer's testimony was not consistent throughout various court proceedings regarding the particular milepost at which the stop occurred. For example, the officer testified during the preliminary hearing in the underlying criminal proceeding that he "stopped [Warden] in the area of" milepost 72 on Highway 12. However, during the preliminary hearing in a related case in which Warden was charged with a separate crime for urinating on the officer

while being transported to jail, the officer testified that he arrested Warden at "mile marker 73 on Highway 12."

Second, Warden alleged that the officer's testimony was unreliable because he "testified to things . . . he could not have seen" when describing his initial encounter with Warden's vehicle. During the preliminary hearing in the underlying criminal proceeding, the officer testified that he initially encountered Warden at night as they were driving in opposite directions on Highway 12. The officer further testified that, after observing Warden's vehicle cross the fog line in the side mirror, the officer turned around, followed Warden, and initiated a traffic stop after observing his vehicle cross the centerline. Warden claimed that, had his trial counsel visited the scene of the stop, he would have realized that, considering the lack of natural and artificial light, the contour of the roadway and the relative speed of Warden's and the officer's vehicles, the officer was unlikely to have observed Warden's vehicle cross the fog line by looking in the side mirror. Warden's petition did not, however, directly challenge the officer's testimony regarding Warden's vehicle subsequently crossing the centerline. Rather, Warden alleged that, in light of the "internal inconsistencies" of the officer's "precise testimony" describing Warden crossing the fog line, taking the officer "at his word that [Warden] crossed the centerline, with no location or estimated measurement [was] not worthy of consideration."

The district court summarily dismissed Warden's allegation that his trial counsel was ineffective for failing to challenge the reliability of the officer's testimony *at trial*, concluding that Warden had not presented evidence that his counsel's failure to impeach the officer "was the product of inadequate preparation, ignorance of relevant law, or some other shortcoming." Moreover, the district court observed that trial counsel "did point out many inconsistencies in the arresting officer's testimony" during trial. For example, Warden's trial counsel questioned the officer regarding a forty-minute "discrepancy in the time of his initial call to dispatch between his probable cause affidavit and the radio log." Consequently, the district court concluded that, "even though the location of the stop was not one of the inconsistencies covered," trial counsel challenged the officer's credibility and that Warden had "not shown that the outcome of trial would have been different" had his trial counsel also impeached the officer regarding "the location of the incident."

Warden's appellate claim that trial counsel should have cross-examined the arresting officer on these bases at the suppression hearing fails. This cross-examination would not have

7

changed the officer's observation of Warden's driving pattern after the initial observation of him crossing the fog line, which independently provided reasonable suspicion for a traffic stop. *See State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). Further, Warden contends that inquiry into alleged inconsistencies in the officer's testimony at the suppression hearing regarding the location of the stop and the officer's observation of Warden crossing the fog line could have undermined the officer's general credibility, and thus, the district court would have disregarded the officer's testimony. However, the district court's determination that impeaching the officer on similar grounds during trial would not have affected the outcome of trial undermines this argument. The same district court that found Warden guilty of DUI following a bench trial would have evaluated the credibility of the officer during both the trial and suppression hearing in the underlying criminal proceeding. Thus, the district court's conclusion that the additional proposed impeachment would not have affected the outcome of the trial provides *some* indication that similar impeachment would not have resulted in a successful suppression motion. Additionally, the officer's testimony regarding the facts actually justifying the traffic stop (*i.e.*, his observations *after* turning around to follow Warden's vehicle) remained consistent and unequivocal during multiple court proceedings, including the suppression hearing. The officer's testimony regarding his reason for initially turning around to follow Warden and the alleged variances in the precise location of the stop are inconsequential to the lawfulness of the stop. Moreover, Warden's allegations regarding what he believes the officer could or could not see are not facts that would entitle Warden to a post-conviction evidentiary hearing. Accordingly, Warden has failed to show error in the summary dismissal of his petition.

## IV.

## CONCLUSION

Warden has failed to show error in the district court's summary dismissal of his amended post-conviction petition. Accordingly, the judgment summarily dismissing Warden's amended petition for post-conviction relief is affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.