# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51443

KURT ALLEN MOROZKO, )
                 )
            Petitioner-Appellant, )
                 )
v. )
                 )
STATE OF IDAHO, )
                 )
            Respondent. )
                 )

**Filed: May 6, 2025**

**Melanie Gagnepain, Clerk**

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County. Hon. Barbara Duggan, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Kurt Allen Morozko, Post Falls, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Judge

Kurt Allen Morozko appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

During the pretrial stage of his criminal case, after the public defender's office was appointed to represent him, Morozko obtained private counsel. Morozko then dismissed private counsel and chose to represent himself and did so at trial. At the conclusion of the jury trial in the underlying criminal case, Morozko was found guilty of three counts of unlawful discharge of a firearm at an inhabited dwelling house and two counts of possession of a controlled substance. Subsequently, Morozko filed numerous appeals, which this Court affirmed in unpublished opinions: Morozko's judgment of conviction (*State v. Morozko*, Docket No. 46689 (Ct. App. Sept. 28, 2020)); the denial of a subsequent motion for a new trial (*State v. Morozko*, Docket No. 48710

1

(Ct. App. June 16, 2022)); and the denial of an Idaho Criminal Rule 35 motion (*State v. Morozko*, Docket No. 50293 (Ct. App. Nov. 1, 2023)). Holding that Morozko did not receive an adequate notice of the basis for summary dismissal of his petition, in an unpublished opinion this Court vacated the judgment summarily dismissing Morozko's petition and remanded the case for further proceedings (*Morozko v. State*, Docket No. 49620 (Ct. App. Sept. 5, 2023)). Following the issuance of the remittitur, the district court entered a notice of intent to dismiss Morozko's post-conviction petition. The district court provided notice that Morozko's claims were subject to summary dismissal for the same reasons set forth in the district court's initial decision and, specifically, that Morozko's claims were precluded as they could have been raised on direct appeal and because Morozko failed to allege facts which, if true, demonstrated ineffective assistance of pretrial counsel. Morozko filed both a memorandum in support of his post-conviction petition and a response to the notice of intent to dismiss. Morozko did not amend his petition or submit additional evidence. Based on the arguments set forth in Morozko's filings following remand, the district court also addressed the merits of Morozko's claims. The district court dismissed Morozko's post-conviction petition. Morozko timely appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. Idaho Code § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be

2

accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine

3

issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Upon receiving the remittitur from this Court, the district court issued a notice of intent to dismiss the petition for post-conviction relief, which included the bases for its ruling. Morozko filed a response, after which the district court dismissed the petition. This Court will use the broad categories, established by the district court in its notice of dismissal, when addressing Morozko's claims for relief and the ultimate dismissal of his petition.

### A.    Res Judicata

The first broad category for summary dismissal reviewed by the district court was res judicata. Res judicata prevents the litigation of causes of action which were finally decided in a previous suit. *Gubler By and Through Gubler v. Brydon*, 125 Idaho 107, 110, 867 P.2d 981, 984 (1994). The review of a trial court's ruling on whether an action is barred by res judicata is a question of law over which this Court has de novo review. *Ticor Title Co. v. Stanion*, 144 Idaho 119, 122, 157 P.3d 613, 616 (2007). The principles of res judicata apply when a petitioner attempts to raise the same issues previously ruled upon on direct appeal or in a subsequent petition for post-conviction relief. *Knutsen v. State*, 144 Idaho 433, 439, 163 P.3d 222, 228 (Ct. App. 2007).

In its notice of intent to dismiss, the district court indicated that Morozko raised multiple claims previously decided on direct appeal in the underlying criminal case. Specifically, the following claims were previously addressed on direct appeal from the underlying criminal case and were barred by res judicata:

> [M]ultiple issues regarding various pretrial, trial, and post-trial court decisions, rulings, and sentencing, including an allegedly excessive sentence, alleged errors by the Magistrate Court at preliminary hearing including insufficient evidence,

4

errors regarding probable cause determinations, various suppression, search and seizure issues including the territorial jurisdiction of officers executing search warrants, discovery issues, witness testimony issues, alleged prosecutorial misconduct, various alleged due process issues, speedy trial issues, issues related to Morozko's competency, alleged hearsay evidence issues, alleged alibi evidence issues, issues regarding evidence of two versus three bullets, alleged charging document errors, alleged improper joinder of offenses, alleged issues regarding witness subpoenas, issues regarding the introduction and admission of exhibits, rulings on objections at trial, issues regarding the verdict form, alleged "presumption of guilt," alleged insufficiency of evidence, prosecutorial misconduct, alleged defects in jury instructions, issues regarding evidence such as alleged evidence "tampering" including allegedly by Shoshone County Deputy Sheriff Jeff Lee, chain of custody issues, and issues regarding delayed proceedings in Magistrate Court.

We agree that the above-mentioned issues that were addressed on direct appeal are barred by res judicata. In addition, any issues not mentioned above but that were addressed in *Morozko*, Docket No. 46689, are also barred by res judicata.

## B. Idaho Code § 19-4901(b)

Next, the district court addressed claims that could have been raised by Morozko on direct appeal. The scope of post-conviction relief is limited. *Black v. State*, 165 Idaho 100, 105, 439 P.3d 1272, 1277 (Ct. App. 2019). Post-conviction relief is not a substitute for remedies available in the underlying criminal case or of an appeal from the sentence or conviction. "Any issue which could have been raised on direct appeal, but was not, is forfeited and may not be considered" unless "it appears to the court, on the basis of a substantial factual showing by affidavit, deposition or otherwise, that the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier." I.C. § 19-4901(b). The limited scope of post-conviction relief operates independently from a petitioner's awareness of potential claims that could have been raised on direct appeal. *Black*, 165 Idaho at 105, 439 P.3d at 1277.

Many of Morozko's claims relate to alleged trial court errors at all stages of the underlying criminal case. In the district court's notice of intent to dismiss, these claims included: that Morozko was denied counsel on his first day in jail and during his first appearance, issues related to his mental health, the amount of bail, prosecutorial misconduct, speedy trial violations, false imprisonment, cruel and unusual punishment, search and seizure issues, evidentiary and

5

investigatory issues, alleged perjured testimony, and alleged Second Amendment right violations. Each of these claims could have been raised on direct appeal. A review of *Morozko*, Docket No. 46689, shows that Morozko attempted to raise many of these same issues but was unsuccessful because he failed to preserve them, he inappropriately raised them, or they were without merit. Because the above-mentioned post-conviction claims could have been raised on direct appeal, but were not or were not properly raised, they are barred pursuant to I.C. § 19-4901(b).

## C. Ineffective Assistance of Counsel Claims

Morozko represented himself at trial, therefore any ineffective assistance of trial counsel claims can relate only to his pretrial counsel's assistance. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

The district court, in its notice of intent to dismiss, summarized Morozko's ineffective assistance of pretrial counsel claims:

> Specifically, Morozko alleges that his pretrial counsel was ineffective in failing to object regarding multiple issues surrounding the treatment and evaluation of Morozko's mental health, multiple issues regarding preliminary hearing, alleged failure to file pretrial motions (without showing the merits of those motions) issues regarding witnesses including the failure to subpoena witnesses (without identifying the alleged witnesses or the testimony that would have been produced) the failure to make objections surrounding the searches (without showing the merits

6

of any potential objection) the failure to object to alleged speedy trial violations (without showing the merits of any potential objection) the failure to object to multiple issues involving various evidence (without showing the merits of any potential objection) the failure to object to joinder of offenses (without showing the merits of any such objection, and in spite of the fact that such an objection was rejected on appeal) and the failure to object to prosecutorial misconduct (without showing the merits of such an objection. and in spite of the fact that the allegation of such misconduct was rejected on appeal).

After the district court entered its notice of intent to dismiss and received the response from Morozko, the district court dismissed his ineffective assistance of counsel claims. In its dismissal order, the district court added an analysis regarding other issues Morozko raised after the notice of intent to dismiss was entered.

The district court explained that Morozko had not shown that the performance of his pretrial counsel fell below an objective standard of reasonableness. The district court further found that Morozko "also failed to show that pretrial counsel failed to timely file any meritorious motion that would have made a difference to the ultimate conclusion of the case." The district court also clarified that Morozko had not shown that, if his pretrial counsel had performed differently, there was a reasonable probability that a more favorable outcome of Morozko's trial would have resulted; this was viewed in light of the fact that he chose to represent himself, both before and during the trial, and in light of the evidence presented at trial. The evidence presented at trial included testimony of multiple witnesses hearing gunshots, the observation of a muzzle flash from Morozko's house, and evidence of bullet holes in the homes of his neighbors with a trajectory indicating they came from Morozko's house. We agree with the district court's analysis regarding Morozko's ineffective assistance of counsel claims. The district court also correctly reviewed Morozko's own efforts once he chose to represent himself. Morozko waited until the trial had begun to request his suppression motions be heard, did not request a continuance in order to pursue his motions, and failed to notice his motions for hearing. Furthermore, it is speculative as to what types of motions or objections Morozko's pretrial counsel might have filed had Morozko not chosen to represent himself or whether his pretrial counsel would have obtained permission to file pretrial motions more than twenty-eight days following the entry of Morozko's guilty plea. Morozko, therefore, cannot show that his pretrial counsel's failure to file these motions or objections constituted either deficient performance or prejudiced Morozko.

**D. Additional Claims Addressed in the Dismissal Order**

After Morozko raised additional claims in his response to the district court's notice of intent to dismiss, the district court, in its dismissal order, addressed those claims and the merits of many of Morozko's underlying original claims. The district court concluded: (1) the bank statements that Morozko contends his pretrial counsel should have obtained would not have exonerated Morozko; (2) because the period of time between his arrest and his trial was approximately one year, and much of this delay was attributable to his competency issues, it is unlikely that any speedy trial argument would have been successful; (3) in conclusory fashion, Morozko's claims that his suppression motion was meritorious was not supported by evidence showing that suppression was warranted; (4) Morozko failed to show that the State's expert witness's testimony entitled him to a *Daubert*[1] hearing; (5) law enforcement's follow-up requests made to an eyewitness did not constitute a "suggestive identification"; (6) the charging information was not "multiplicitous"; (7) the record reflects that pretrial counsel conducted discovery; and (8) the fact that one charge was dismissed at the preliminary hearing did not require the magistrate court to dismiss the other charges.

On these issues, the district court correctly determined that Morozko failed to allege facts which, if true, demonstrated he was entitled to relief.

## IV.

## CONCLUSION

The district court correctly determined that Morozko failed to allege facts which, if true, demonstrated he was entitled to relief on any of his claims and that there was therefore no genuine issue of material fact necessitating an evidentiary hearing. Therefore, Morozko has failed to show that the district court erred by summarily dismissing his petition for post-conviction relief. The district court's judgment summarily dismissing Morozko's petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.

---

[1] *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).